**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-30090

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MENDOZA-BAENA; JUAN C. OLIVARES; MARIO PENA,

Defendants-Appellants.

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. CR-02-20082)
_____

Before REAVLEY, DeMOSS, PRADO, Circuit Judges.

PER CURIAM:[*]

We uphold the jury's verdict finding the defendants guilty of aiding and abetting

each other in the commission of an assault in violation of 18 U.S.C. § 113(a)(6) because a

rational trier of fact could have found the essential elements of the offense beyond a

reasonable doubt.  See United States v. Walters, 87 F.3d 663, 667 (5th Cir. 1996).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

The defendants concede that the facts surrounding the assault satisfy the elements of the applicable federal statute; however, Mendoza-Baena and Olivares assert that the evidence is insufficient to prove that they were the actual perpetrators of the crime, and Pena asserts that the evidence merely establishes his presence near the scene of the crime.

We disagree and find that the evidence is sufficient to support the verdict. The government provided evidence that the assault was gang-related and that the defendants were members of the Pistoleros gang that is at war with the assault victim's gang, the Texas Syndicate. Prison officials also testified as to how they determine gang affiliation and how inmates are treated once their involvement in a gang is established. Specifically, the government showed that the three defendants would not have been housed together if there was not reliable evidence that they were all in the same gang.

The government also provided direct evidence of the defendants' involvement in the assault. First, in regards to Olivares, a witness testified that Olivares looked directly at him while Olivares was stomping the victim. The witness also testified that he saw Olivares throw his boots into a trash can after the assault, and a pair of bloody boots were found in the trash can near the restroom in which the assault occurred. In addition, two other witnesses identified Olivares as one of the inmates who assaulted the victim. Second, in regards to Mendoza-Baena, three witnesses identified him as one of the assailants. Also, one witness testified that he saw Mendoza-Baena put some clothing in the trash can near the restroom, and bloody clothing was later found in the trash can. Finally, in regards to Pena, a witness testified that he saw Pena acting as a lookout during

2

the assault. The witness testified that Pena was in a position to watch for approaching guards, and the witness described Pena as listening for the sound of the guard's keys. The fact that Pena may have committed no other overt act in furtherance of his duties as the lookout does not mean that he was merely present at the scene of the crime and not guilty of aiding and abetting the assault. See Little v. Butler, 848 F.2d 73, 75-76 (5th Cir. 1988). The government also provided testimony that Pena was conferring with both Mendoza-Baena and Olivares immediately before the assault.

Finally, we reject Mendoza-Baena's argument that it was plain error for the district court to sentence him pursuant to the Sentencing Guidelines. There was no Sixth Amendment violation because the district court did not rely on any facts not found by the jury in sentencing. See United States v. Booker, __ U.S. __; 125 S. Ct. 738, 750 (2005). Mendoza-Baena did not object to the use of the Sentencing Guidelines at the time of his sentencing, and thus, that could have required nothing more than plain error review. United States v. Mares, __ F.3d __, 2005 WL 503715, at *18 (5th Cir. Mar. 4, 2005); United States v. Cotton, 535 U.S. 625, 631-32 (2002); United States v. Johnson, 520 U.S. 461 (1997). There is no indication in the record that the district court would have sentenced Mendoza-Baena any differently or that Mendoza-Baena's substantial rights were otherwise affected. Thus, as this Court determined in Mares, the fact that the district court followed the Guidelines in sentencing Mendoza-Baena does not alone constitute plain error. See Mares, 2005 WL 503715, at *21. AFFIRMED.

3